UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                          v.                          Hon. Hugh B. Scott

                                                       08CR349S

**Decision
&
Order**

Simon Banda Mireles, aka Jorge Alberto DeLarco Gonzales,
Sergio Antonio Resendiz Martinez, Javier Banda Mireles,
Alberto Antimo Mireles, Miguel Angel Antimo Mireles, Honorio
Banda Mireles, Jeses Francisco Escalante, Maurilio Bautista
Feria, Alejandro Garcia, Alvaro Soto Paz, and Agustin Quinones
Torres,

                          Defendants.

Before the Court are various motions filed on behalf of the respective defendants, including the following: the Joint Motion by Sergio Antonio Resendiz, Javier Banda Mireles, Alvaro Soto Paz, Jesus Francisco Escalante, Miguel Angel Antimo Mireles, Simon Banda Mireles, Alberto Antimo Mireles, and Honorio Banda Mireles seeking a bill of particulars, Rule 16 discovery and exculpatory information (Docket No. 17); Honorio Banda Mireles seeking Rule 16 disclosure, information pursuant to Rules 404, 608 and 609 of the Federal Rules of Evidence, statements of witnesses and grand jury testimony, exculpatory information, severance of trial, and a bill of particulars (Docket No. 19); and Jesus Francisco Escalante (Docket No. 61)

1

seeking disclosure of statements of witnesses.[1]

**Background**

On December 4, 2008, the Grand Jury for the Western District of New York indicted defendants Simon Banda Mireles, aka Jorge Alberto DeLarco Gonzales, Sergio Antonio Resendiz Martinez, Javier Banda Mireles on charges of obtaining the labor and services of persons by threats of serious harm, physical restraint, by means of a scheme to cause those persons to believe that if they did not perform such labor and services that they would suffer serious harm and physical restraint and by means of the abuse and threatened abuse of the law and the legal process in violation of 18 U.S.C. §§ 1589 and 1594(a) [Count One]. Count Two of the Indictment charges that those three defendants, along with Alberto Antimo Mireles, Miguel Angel Antimo Mireles, Honorio Banda Mireles, Jeses Francisco Escalante, Maurilio Bautista Feria, Alejandro Garcia, Alvaro Soto Paz, and Agustin Quinones Torres knowingly and in reckless disregard that certain aliens entered and remained in the United States illegally, concealed, harbored, and shielded those illegal aliens from detection for commercial gain in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i).

Several defendants have entered guilty pleas in this case. Those remaining are: Simon

---

[1] To the extent the defendants were seeking dispositive relief in these motions, such relief is the subject of a separate Report & Recommendation. Several other motions have been filed in this case on behalf of the respective defendants, including: Alberto Antimo Mireles (Docket Nos. 13, 14, 33, 62 and 123); Miguel Angel Antimo Mireles (Docket Nos. 15, 22, 35, and 78); Alejandro Gracia (Docket Nos. 31 and 94); Sergio Antonio Resendiz (Docket No. 64). Many of these motions related to defendants who have subsequently pled guilty in this matter. Others seek only dispositive relief which is the subject of a separate Report & Recommendation. Except as otherwise noted below, these motions are moot.

Banda Mireles (aka Jorge Alberto DeLarco Gonzales), Sergio Antonio Resendiz Martinez, Javier Banda Mireles, Honorio Banda Mireles, Jeses Francisco Escalante.

**Discovery**

The defendants have set forth a variety of items sought by way of pretrial discovery in this matter. It appears that the government has provided much of the discovery sought by the defendants. During oral argument, the defendants inquired about the production ot third-party documents. The government has represented that the third party documents, if not yet produced, will be made available to the defendants. During oral argument, the defendants also stated that they want the government to produce immigration files relating to all of the undocumented aliens involved in this action, including those who have been deported. The government asserts that information regarding witnesses will be disclosed in accordance with the District Court's trial order, and that the government would not agree to produce the immigration records of all undocumented aliens. The government need not prove that every undocumented alien involved in this matter was the subject of force or coercion (as alleged in Count 1) or harbored, concealed or shielded from detection (as alleged in Count 2). It is sufficient that the government produce information relating to all of its witnesses who were undocumented aliens, including information relating to the immigration status of those witnesses as well as any impeachment and exculpatory information. This production can take place in accordance with the District Court trial order in this matter. Finally, during oral argument, defendant Escalante requested a jury charge enforcing the government's representation that the information relating to the obtainment of labor services by way of force or coercion is not relative to the charges against Escalante. Such a request

relating to jury instructions is more appropriately determined by the District Court Judge presiding over the trial in this case.

## Bill of Particulars

The defendants seek a bill of particulars in this case. Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a bill of particulars. Bills of particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial. U.S. v. Torres, 901 F.2d 205 (2d Cir. 1990). The government is not obligated to "preview its case or expose its legal theory." U.S. v. LaMorte, 744 F.Supp 573 (S.D.N.Y. 1990); U.S. v. Leonelli, 428 F.Supp 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the crime charged is alleged to have been committed" U.S. v. Andrews, 381 F.2d 377 (2d Cir. 1967).

In the instant case, the government has produced substantial discovery to the defendants, including the reports of the interviews conducted with each of the undocumented aliens, including those who have been deported. Upon review of the indictment, and upon the discovery and information already provided or promised in this case, the defendants have not demonstrated that further particularization is required to protect them from double jeopardy or to enable him to adequately prepare a defense and avoid surprise at trial.

## Brady and Jencks Material

The defendants also seeks the disclosure of all potentially exculpatory materials, including information to be used for the impeachment of the government's witnesses, as required

under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny. Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching ... [and] [a]ny and all records and information revealing prior misconduct ... attributed to the [government's] witness." U.S. v. Kiszewski, 877 F.2d 210 (2d Cir. 1989). The defendant also seeks disclosure of the statements of witnesses under the Jencks Act (15 U.S.C. §3500).

The government has acknowledged its obligations under Brady and the Jencks Act and has represented that it will produce all exculpatory and impeachment information in accordance with the scheduling order set be the District Court prior to trial in this case. (Docket No. 37 at page 10).

Neither the Supreme Court, nor the Second Circuit[2], have ruled directly on whether there is a meaningful distinction between "exculpatory Brady" and "impeachment Brady" materials for purposes relating to the time within which such information must be disclosed. Several other courts have discussed the issue at hand, which often arises in the context of a potential, if not inherent conflict between the government's obligations to disclose under Brady, and the governments right to delay disclosure of certain information pursuant to the Jencks Act. Those cases suggest that the court has some discretion with respect to directing the timing of such disclosure. U.S. v. Campagnuolo, 592 F.2d 852 (5th Cir. 1979)(the Court interpreted Brady to require disclosure "at the appropriate" time, which often is prior to trial); U.S. v. Perez,

---

[2] In a footnote in its opinion in Lucas v. Regan, 503 F.2d 1, 3 n.1 (1974), the Second Circuit stated that "[n]either Brady nor any other case we know of requires that disclosures under Brady be made before trial."

870 F.2d 1222 (7th Cir. 1989)(the government's delay in disclosing Brady material violates due process only if the delay prevented the defendant from receiving a fair trial); U.S. v. Ziperstein, 601 F.2d 281 (7th Cir. 1979)(a defendant receives a fair trial, notwithstanding delayed disclosure of Brady material, as long as disclosure is made before it is too late for the defendant to make use of any benefits of the evidence). But see U.S. V. Wilson, 565 F.Supp 1416 (S.D.N.Y. 1983) (impeachment material need not be produced prior to trial); U.S. Biaggi, 675 F.Supp 790 (S.D.N.Y. 1987)(information bearing on a witness' credibility may be turned over at the same time as [Jencks Act] materials); U.S. V. Feldman, 731 F.Supp 1189 (S.D.N.Y. 1990)(it is sufficient for the government to disclose Brady impeachment materials along with [Jencks Act] materials).

The Jencks Act relates only to "statements" made by government witnesses. Such statements may include inconsistencies which make them useful for impeachment purposes, and thus, subject them to disclosure under Brady principles. To this extent, it has been suggested that the constitutional requirements underlying Brady could act to modify the Jencks Act. U.S. v. Campagnuolo, 592 F.2d 852, 860 (5th Cir. 1979). But see U.S. v. Presser, 844 F.2d 1275 (6th Cir. 1988)(the government may not be compelled to pretrial disclosure of Brady or Jencks material). The record in this case does not reflect whether any of the materials withheld by the government may be considered both Brady and Jencks material. Certainly "impeachment Brady" material may include several items which are not considered "statements" under the Jencks Act.

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined

6

Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, ... sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial ... so that those abhorrent lengthy pauses at trial to examine documents can be avoided." U.S. v. Percevault, 490 F.2d 126 (2d Cir. 1974); U.S. V. Green, 144 F.R.D. 631 (W.D.N.Y. 1992).

In the instant case, and while balancing all of the above, the Court concludes that disclosure of such inculpatory and impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendants to have a fair opportunity to utilize the information at trial) is sufficient.

**Rule 404, 608 and 609 Evidence**

The defendants request disclosure of all evidence of prior bad acts that the government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b). The defendant also requests disclosure pursuant to Federal Rules of Evidence 608 and 609 of all evidence of prior bad acts that the government intends to use for impeachment purposes should they testify at trial.

Rule 404 requires that the defendants be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." The government represents that it will advise the defendants of its intention to use "other act" evidence pursuant to Rule 404(b). (Docket No. 37 at page 11). To the extent that the government becomes aware of and intends to use any such prior

bad act in its case in chief, the government shall produce all Rule 404(b) evidence as directed by the District Court in the trial order.

With respect to the defendant's requests under Rules 608 and 609, the only notice requirement imposed by either applies where a party intends to introduce evidence of a conviction that is more than ten years old. Under such circumstances, Rule 609(b) mandates that "the proponent [give] to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence." To the extent the government intends to use a conviction more than 10 years old, it must comply with this requirement. The government has no obligation to provide the defendants with notice of any material that will be used to impeach them pursuant to Rule 608 should he elect to testify. See United States v. Livoti, 8 F.Supp.2d 246 (S.D.N.Y. 1998); United States v. Song, 1995 WL 736872, at *7 (S.D.N.Y. Dec.13, 1995).

**Disclosure of Grand Jury Proceedings**

Defendant Honorio Banda Mireles seeks disclosure of the grand jury minutes and proceedings. There is a presumption that grand jury proceedings are lawful and regular, (United States v. Torres, 901 F.2d 205, 232 (2d Cir.) (quoting Hamling v. United States, 418 U.S. 87, 139 n. 23, 94 S.Ct. 2887, 2918 n. 23, 41 L.Ed.2d 590 (1974), *cert*. denied, 498 U.S. 906, 111 S.Ct. 273, 112 L.Ed.2d 229 (1990)), and disclosure of grand jury proceedings is available only by order of the Court. (See Fed.R.Crim.P. 6(e)). A party seeking disclosure of grand jury proceedings bears the burden of establishing a "particularized need" or "compelling necessity" for such disclosure which outweighs the policy of grand jury secrecy. Douglas Oil Co. v. Petrol

Stops Northwest, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979); Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400, 79 S.Ct. 1237, 1241, 3 L.Ed.2d 1323 (1959); In re Rosahn, 671 F.2d 690, 695 (2d Cir.1982). Unspecified allegations of impropriety or mere speculation are not sufficient to satisfy this heavy burden. United States v. Calandra, 414 U.S. 338, 345, 94 S.Ct. 613, 618-19, 38 L.Ed.2d 561 (1974). Therefore, "review of grand jury minutes is rarely permitted without specific factual allegations of governmental misconduct." Torres, 901 F.2d at 233.

The defendant has not articulated any basis to controvert the presumption of regularity in the grand jury proceedings in this case. The request for disclosure of grand jury testimony is denied.

**Severance**

Several of the defendants seek a trial separate from that of the other defendants in this case. Such motions are more appropriately heard and determined by the trial court, which is in the best position to rule on the issues presented. See United States v. Hennings, 1997 WL 714250 (W.D.N.Y. 1997); United States v. Vona, 842 F.Supp. 1534 (W.D.N.Y. 1994).

So Ordered.

*/s/ Hugh B. Scott*
United States Magistrate Judge
Western District of New York

Buffalo, New York
November 23, 2009